JOHNSON, APPELLEE, *v.* JOHNSON, APPELLANT.

(No. 25716—Decided April 5, 1962.)

*Mr. Harvey G. Oliver* and *Mr. Thomas C. Begley,* for appellee.

*Mr. Morris Morgenstern* and *Mr. Bernard B. Direnfeld,* for appellant.

*Per Curiam.* This appeal comes to this court on questions of law from a judgment entered by the Court of Common Pleas of Cuyahoga County finally determining the rights of the parties as to a division of property and alimony, the action being one for divorce. This is the second time this case has been before this court on appeal. Our entry on the first appeal affirmed the decree of divorce but reversed the order decreeing a division of property, which required a sale of the real property of the parties and the division of the proceeds and the other assets of the parties, as against the manifest weight of the evidence.

Upon retrial of the question of the division of property and alimony, the court made an entry which provided, in part, that the property of the parties known as 1222 Allen Court, Rocky River, Ohio, be sold at a price not less than the appraised value after being appraised by an appraiser agreed upon by the parties, but, if no agreement could be had, then one Ernest L. Zeve was to be the appraiser. It was also ordered that, upon sale of the property, the costs of this action be satisfied out of the proceeds, that counsel for each of the parties be paid $1,000 therefrom, that the defendant be paid $500 as permanent alimony, and

that the balance be divided between the parties. The parties were also to divide a joint savings account of approximately $1,300. The defendant was also directed to account for rents collected from the two furnished suites in the premises located at 1222 Allen Court and pay the plaintiff one-half of the balance remaining from such income. The defendant occupied one of the three suites in the property as her home.

The bill of exceptions discloses that whatever property the parties possessed at the time of the divorce was acquired by the efforts of both parties, the wife having been employed most of her married life and having contributed her earnings to the family fortunes. The divorce was granted because of the aggressions of the husband, and while he was unable to work because of illness before and at the time of the first trial of the divorce, he has now recovered to a point where gainful employment should be available to him. The wife's availability for employment, however, seems to have been greatly reduced, as shown by her work record. The plaintiff's present individual worth, including his one-half interest in the residence of the parties, is over $8,000. The legal obligation of a husband who is possessed of sufficient property or has the ability to be gainfully employed to furnish support for his wife does not end upon divorce. After over thirty years of married life, under the circumstances here presented by the evidence, it seems to us unconscionable that a court should order the wife's place of residence (which her earnings helped to create and which is the principal asset of the parties) sold and all the assets of the parties, including that received from the sale of the residence, divided equally (except for the sum of $500 designated permanent alimony, one-half of which would in fact come out of her share of the fund), and that such order should represent the wife's only right to support. This must be true where the divorce decree was granted to her on the husband's aggressions. Such order relieving the husband of all further obligations of support constitutes an abuse of discretion upon the facts as just stated.

The judgment here appealed is reversed for the reasons stated and the cause is remanded for further proceedings according to law.

*Judgment reversed.*

KOVACHY, P. J., SKEEL and HURD, JJ., concur.